Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered March 4, 2010, which granted defendants’ motion to set aside the jury verdict in plaintiffs’ favor and directed that judgment be entered in favor of defendants, reversed, on the law, without costs, the motion denied, and the matter remanded for a collateral source hearing.
Defendants failed to preserve their argument that a particular ANSI/AMSE standard did not form a proper basis for liability under General Municipal Law § 205-e, and we decline to review it in the interest of justice (Harris v Armstrong, 64 NY2d 700, 702 [1984]). Indeed, defendants not only failed to object to the trial court’s charge regarding the subject standard before the jury rendered its verdict (see CPLR 4110-b), they actually argued that the standard should be given to the jury. Accordingly, the trial court erred in setting aside the verdict based on *486 the unpreserved argument (see Harris, 64 NY2d at 702; Kroupova v Hill, 242 AD2d 218, 220 [1997], lv dismissed in part and denied in part 92 NY2d 1013 [1998]).
The awards for loss of earnings and benefits, and for future medical expenses, are not excessive. However, defendants timely moved for a collateral source hearing and therefore are entitled to that hearing (Szpakowski v Shelby Realty, LLC, 48 AD3d 268, 269-270 [2008], lv denied 12 NY3d 708 [2009]). We note, in regard to the dissent’s position, that plaintiffs’ briefs do not request a new trial on damages. Concur — Mazzarelli, J.P., Friedman and DeGrasse, JJ.